J-S23013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN CHARLES BUTCHER | : | |
| | : | |
| Appellant | : | No. 1392 EDA 2020 |

Appeal from the Judgment of Sentence Entered June 24, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004219-2019

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 01, 2021**

Kevin Charles Butcher appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, following his conviction for driving under the influence of alcohol or a controlled substance (DUI)[1] and related charges.  On appeal, he challenges the sufficiency of the evidence. After our review, we affirm.

On February 13, 2019, Butcher was arrested and charged with DUI, restrictions on alcoholic beverages, disregarding a traffic lane, careless driving, and reckless driving.[2]  Following a non-jury trial, the court convicted

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

[2] **See** 75 Pa.C.S. § 3802(a)(1); 75 Pa.C.S. § 3809(a); 75 Pa.C.S. § 3809(1); 75 Pa.C.S. § 3714(a); and 75 Pa.C.S. § 3736(a), respectively.

Butcher of DUI, careless driving, and restrictions on alcoholic beverages. Following a sentencing hearing on June 24, 2020, the court sentenced Butcher to six months' county probation, 32 hours' community service, and a $375 fine. On July 21, 2020, Butcher filed a timely notice of appeal followed by a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On appeal, Butcher claims the evidence was insufficient to support his convictions of DUI and careless driving. His claims are without merit.

The appellate standard of review for a challenge to the sufficiency of the evidence is well-settled:

> The standard we apply . . . is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [this] test, we may not [re-]weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.

***Commonwealth v. Houck***, 102 A.3d 443, 449 (Pa. Super. 2014) (citing ***Commonwealth v. Jones***, 874 A.2d 108, 120-21 (Pa. Super. 2005).

At trial, the Commonwealth presented the testimony of Pennsylvania State Trooper Ross Greenwood. Trooper Greenwood testified that around midnight on February 13, 2019, he and his partner, Trooper Connor Smith,

were patrolling on I-95 North in Delaware County. While on patrol, Greenwood and his partner observed a white Chevy Monte Carlo change lanes just prior to exiting the highway, an action that the troopers deemed to be unsafe since the Monte Carlo nearly struck a tractor-trailer before exiting the highway. N.T. Trial, 2/19/20, at 10-11. At this point, the troopers activated their emergency lights and sirens as well as the motor vehicle recording system (MVR), which began a video recording of their interaction with the Monte Carlo, capturing Butcher as he "slow rolled" into a Sunoco gas station parking lot. *Id.* at 12. Trooper Greenwood approached the car, detecting a strong odor of alcohol from Butcher's breath and the vehicle itself. *Id.* He also noticed that Butcher was not wearing a seatbelt, had slurred speech, and had an unopened beer in his left pocket. *Id.* at 12-13. Butcher gave Trooper Greenwood his license but was unable to locate his registration, claiming that a "police officer took [it]" and provided no other explanation. *Id.* at 13. Butcher was also unable to provide his insurance information. Trooper Greenwood further testified that Butcher provided confusing answers to his questions and included extraneous information. *Id.* at 14-15.

During this traffic stop, Trooper Greenwood directed Butcher to perform three field sobriety tests: the Horizontal Gaze Nystagmus (HGN), the walk and turn, and the one-leg stand tests. Before administering the HGN, Trooper Greenwood instructed Butcher on what to do, and confirmed Butcher understood his instructions. While performing the HGN test, Butcher moved his head, even after Trooper Greenwood had warned him against doing so.

- 3 -

*Id.* at 17-18.  Next, Trooper Greenwood administered the walk-and-turn test, which required Butcher to walk heel-to-toe 9 times back and forth, for a total of 18 steps.  Butcher indicated that he understood the instructions and that he had performed this sobriety test before.  During the test, Butcher deviated from Trooper Greenwood's instructions several times.[3]  Lastly, Trooper Greenwood administered the one-leg stand test, and instructed Butcher to keep his arms at his sides.  Butcher informed Trooper Greenwood that he had a problem with his right knee, so he chose to perform the test with his left leg.  In his testimony, Trooper Greenwood stated that Butcher was unable to keep his arms at his sides, and as he continued to go lower to the ground his "balance continued to sway left and right." *Id.* at 24-25.  Butcher also counted incorrectly during the test.  *See id.* at 24 ("[T]he first nine steps he said seven twice, and then on eight, [`]oh, this is nine,[`] so he was mixed up on his numbers[.]").

Finally, Trooper Greenwood testified that he found bottles of beer inside the vehicle in between the center console and the driver's seat and on the passenger seat floor, one of which was opened with beer still in it.  *Id.* at 25-26.  Butcher originally agreed to undergo a blood test at the hospital, but he

---

[3] Trooper Greenwood instructed Butcher to do 9 steps down and back, but Butcher did more steps than he was instructed to do; Trooper Greenwood testified that "[h]e did a total of 54 steps. . . if I didn't stop him, he would have continued to go." *Id.* at 22.  Butcher was also instructed to keep his arms at his sides, which he failed to do; and he missed several steps because he failed to connect his heel and his toe together. *Id.* at 23.

changed his mind once they arrived. Butcher was advised of the implications of refusing to undergo the blood test and still chose not to accept the procedure. *Id.* at 24-29.

The offense of careless driving provides: "Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense." 75 Pa.C.S. § 3714(a).

Here, the Commonwealth presented testimony from Trooper Greenwood that, while on overnight patrol, he and his partner observed Butcher driving in a manner that they deemed "unsafe." N.T. Trial, 2/19/20, at 11. Trooper Greenwood testified that he observed Butcher make several unsafe lane changes while attempting to pass a tractor-trailer, almost hitting the tractor-trailer in the process. Trooper Greenwood also testified that he was particularly concerned with Butcher's driving because it was raining and the roads were wet. Trooper Greenwood's testimony was clear and unequivocal, and the trial court found his testimony to be credible.

This is not a case where the evidence is so weak and inconclusive that no probability of fact can be drawn from it. ***Commonwealth v. Cassidy***, 668 A.2d 1143 (Pa. Super. 1995). Viewing the evidence in a light most favorable to the Commonwealth and based on the trial court's credibility determinations, we agree with the trial court that the Commonwealth proved beyond a reasonable doubt that Butcher committed the offense of careless driving. Thus, Butcher's first claim must fail. ***See Houck***, ***supra***.

Next, Butcher claims that the court erred in convicting him of DUI "because the Commonwealth failed to provide sufficient evidence to show that he had been rendered incapable of safely driving, operating[,] or being in physical control of a vehicle beyond a reasonable doubt[.]" Appellant's Brief, at 4. This claim also lacks merit.

Section 3802(a)(1) of the Vehicle Code states:

An individual may not drive, operate[,] or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1).

Butcher argues that his inability to correctly perform the field sobriety tests was due to his knee injury and weight, rendering the results of those tests unreliable. However, that argument does not explain Butcher's evident confusion or failure to comprehend the trooper's instructions. Additionally, Trooper Greenwood testified that upon approaching the car, he detected a strong odor of alcohol, observed that Butcher had an unopened beer can in his pocket, found an opened and partially empty beer bottle in between the center console and drivers' seat, and found another full bottle of beer on the passenger side floor of the car. Moreover, the court, sitting as fact-finder, was aware of Butcher's knee condition and physique, and therefore was given the opportunity to properly weigh those considerations with the evidence presented by the Commonwealth. Trooper Greenwood's testimony, as well as

Butcher's refusal to undergo a blood alcohol test, does not leave us with "evidence [that] is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Houck**, **supra**; **see also Cassidy**, **supra**. Additionally, "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Houck**, **supra**; **see also Commonwealth v. Sullivan**, 371 A.2d 468, 478 (Pa. 1997). Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the Commonwealth met its burden of establishing each element of the offense of DUI. Butcher's second claim, therefore, also fails.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 11/1/2021*